**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **STEPHANIE DE ANGELIS,** | : | |
|     **Individually and on behalf of** | | |
|     **all others similarly situated,** | : | |
|     **3755 Dehner Drive** | | |
|     **Columbus, Ohio 43227** | : | **Case No.  2:17-cv-985** |
| | | |
|           **Plaintiff,** | : | **Judge** |
| | | |
| **v.** | : | **Magistrate Judge** |
| | | |
| **C G CONSULTING, LLC** | : | |
| **(d/b/a SCORES COLUMBUS; and** | | |
| **COLUMBUS GOLD), Anthony Quaranta,** | : | |
| **Individually, Nicholas Castaldo, Individually** | | |
| | : | |
|     **By Serving its Registered Agent** | | |
|     **Darrell E. Fawley Jr.** | : | |
|     **520 East Rich Street** | | |
|     **Columbus, Ohio 43215** | : | |
| | | |
|     **Principal Place of Business** | : | |
|     **5411 Bethel Sawmill Center** | | |
|     **Columbus, Ohio 43235** | : | |
| | | |
|     **General Partner** | | |
|     **Anthony Quaranta** | | |
|     **450 Emery Lane** | : | |
|     **Elmhurst, IL 60126** | | |
| | : | |
|         **AND** | : | |
| | | |
| **HOUSTON KP, LLC (d/b/a SCORES** | : | |
| **HOUSTON),  Anthony Quaranta, Individually** | | |
| | : | |
|     **By Serving its Registered Agent** | | |
|     **Albert T. Van Huff** | : | |
|     **1225 North Loop West, Suite 640** | | |
|     **Houston, TX 77008** | : | |
| | | |
|     **Principal Place of Business** | : | |

**6340 Westheimer Road**
**Houston, TX 77057**                                  :

**President**                                                :
**Anthony Quaranta**
**210 Geneva**                                           :
**Elmhurst, IL 60126**
                                                                    :

          **AND**                                        :

                                                                    :

**ZIGOT, LLC (d/b/a SCORES**
**PRESENTS NORTHWEST INDIANA),**   :
**Anthony Quaranta, Individually**

                                                                    :

**By Serving its Registered Agent**
**and President Anthony Quaranta**         :
**at its Principal Place of Business**
**9148 Melton Road**                               :
**Gary, IN 46403**

                                                                    :

          **AND**                                        :

                                                                    :

**POLEKATZ GENTLEMEN'S CLUB, LLC**
**(d/b/A POLEKATZ GENTLEMEN'S CLUB),**   :
**Anthony Quaranta, Individually, Stephen**
**Dabrowski, Individually**                         :

**By Serving its Registered Agent**         :
**Polekatz Gentlemen's Club, LLC**
**C/O Kerry M. Lavelle**                          :
**501 W. Colfax**
**Palatine, IL 60067**                              :

**Principal Place of Business**                 :
**7337 W. 100th Place**
**Bridgeview, IL 60455**                          :


          **AND**                                        :

**MARSHALL INTERNATIONAL, LLC**   :
**(d/b/a GOLD CLUB CHICAGO), Anthony**
**Quaranta, Individually, Pera Odishoo,**    :
**Individually**
                                                                    :

**By Serving its Registered Agent**

2

**General Member, Pera Odishoo**      :
**3901 W. Lake Street, 2nd Floor**
**Stone Park, IL 60165**             :

    **Defendants.**                  :

<u>**COLLECTIVE ACTION COMPLAINT FOR
DECLARATORY JUDGMENT AND COMPENSATION
UNDER 29 U.S.C. §§ 201, *et. seq.*
AND
CLASS ACTION COMPLAINT
UNDER OHIO REVISED CODE CHAPTER 4111, *et seq.***</u>

Now comes Plaintiff, on behalf of herself and all others similarly situated, and brings this collective and class action against CG Consulting, LLC d/b/a  Scores Columbus, Houston KP, LLC d/b/a Scores Houston, Zigot, LLC d/b/a Scores Northwest Indiana, Polekatz Gentlemen's Club, LLC, d/b/a Polekatz Chicago, Marshall International, LLC d/b/a Gold Club Chicago, Anthony Quaranta, Individually, Nicholas Castaldo, Individually, Stephen Dabrowski, Individually, and Pera Odishoo, Individually (collectively "Defendants" or "the Clubs"), for monetary, declaratory, and injunctive relief due to their willful failure to compensate employees with proper pay in violation of the federal Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, *et seq.*, the Ohio Semi-Monthly Payment Act O.R.C. § 4113.15, and common law unjust enrichment by intentionally failing to pay full and accurate wages to employees for each hour worked in accordance with federal and Ohio law. In support of the claims stated above, Plaintiff alleges the following:

3

## **INTRODUCTION**

1.      This is an action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*., against Defendants to redress Defendants' long standing abuse of the federal minimum wage and overtime standards. Plaintiff brings this action as a collective action under 29 U.S.C. § 216 (b). The FLSA violations raised in this lawsuit are straightforward—Defendants do not pay their employees anything.

2.      This action is also brought under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, *et seq.*, for Defendants' failure to pay employees overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, and O.R.C. § 4111.08 for Defendants' failure to keep accurate records.

3.      Defendants are gentlemen's clubs. Defendants employ Dancers to provide live adult entertainment for patrons. Defendants apply a common pay policy across all locations that fails to pay Dancers for any hours worked. Instead, Defendants illegally misclassify Dancers as non-employees in violation of the FLSA and Ohio wage and hour laws.

4.      Defendants make up a single business enterprise, performing related activities, with a common business purpose, and common ownership control. Defendants, as an enterprise, engage in interstate commerce and have gross receipts exceed $500,000 per year during the relevant statutory period.  As an enterprise, Defendants apply the same illegal pay policy to Dancers at all locations.

5.      Defendants' websites identify them as a single entity. Each club website lists and links the other four clubs under the heading "Our Clubs." *See* Scores Houston at http://www.scoreshouston.com/; Scores Columbus at http://www.scorescolumbus.net/; Scores

4

Presents NWI at http://www.scoresindiana.com/; Polekatz Chicago at http://www.polekatzchicago.net/; and Gold Club Chicago at http://www.polekatzchicago.net/.

6. Upon information and belief, Defendants are ran and owned by a group of individuals from the Chicago, Illinois area. Anthony Quaranta is a key owning member (listed on registration papers) with a long history and significant experience in the adult entertainment industry. Based on that experience, Defendants use same pay policy at every club, which classifies Dancers as independent contractors and does not pay them.

7. Defendants are integrated employers, with interrelated operations, common management and directors, centralized control of labor relations personnel, and common ownership. As integrated employers, Defendants employ Dancers and subject them to the same illegal policies.

8. Defendants are joint employers, where the employees are all commonly controlled and shared by the same controlling owners. As joint employers, Defendants employ Dancers and subject them to the same illegal policies.

9. Defendants, as an enterprise, integrated employer, and or joint employer operates gentlemen's clubs in Ohio, Indiana, Texas, and Illinois. Defendants, as an enterprise, integrated employer, and or joint employer, employee Dancers at each of these locations.

10. Plaintiff Stephanie De Angelis is a non-exempt former employee of Defendants and worked as a dancer. During her tenure as a dancer for Defendants, she did not receive the FLSA-mandated minimum wage for all hours worked nor did she receive time and one-half her regular rate of pay for hours worked over forty in a given workweek.

11. In fact, Defendants did not compensate Plaintiff whatsoever for any hours she worked. Plaintiff was first required to pay to enter the club, and her only compensation came in

the form of tips received from club patrons. Moreover, Plaintiff was required to divide those tips with Defendants and other employees who do not customarily receive tips. Consequently, Defendants failed to compensate Plaintiff and other similarly situated Dancers like her at federal mandated minimum wage rates, and failed to provide Plaintiff and others like her with commensurate overtime when they worked over forty hours in a given workweek.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1331, 28 U.S.C. § 1337(a), and 29 U.S.C. §216(b).

13. This Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 for those claims authorized under Ohio Revised Code Chapter 4111.01, *et seq.*

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and S.D. Ohio Civ. R. 82.1(b) because the acts giving rise to the claims of the Plaintiff occurred within this judicial district, and Defendants regularly conduct business in and have engaged and continue to engage in the wrongful conduct alleged herein, and thus, are subject to personal jurisdiction within this judicial district.

15. Pursuant to Southern District of Ohio Local Rule 3.1(b) this case is related to *Hogan v. Cleveland Ave. Restaurant, Inc. et al.,* Case No. 2:15-cv-2883, currently before Judge Algenon Marbley. Plaintiff in this case is a putative member of the collective class in *Hogan*. *De Angelis v. Nolan Enterprises, Inc.,* Case No. 2:17-cv-926; *De Angelis v. Icon Entertainment Group, Inc.,* Case No. 2:17-cv-927; and *De Angelis v. National Entertainment Group, LLC,* Case No. 2:17-cv-924 were also filed as related to *Hogan*. All cases arise from the same type event, call for a determination of the same or substantially identical questions of law or fact, and would

entail substantial duplication of effort and expense by the Court if heard by different judges. Plaintiff intends to file this related case along with multiple others. Each case is a wage and hour case for failure to pay wages according to federal and Ohio State law. Each case is brought against a gentlemen's club defendant with a location in Columbus, Ohio by and on behalf of a putative class of Dancers. Each case includes gentlemen's club defendants that maintained illegal policies that deprived Dancers of the wages they were entitled to under the law by classifying Dancers as independent contractors. Accordingly, each case is clearly related and it would be unnecessarily duplicative to have the cases handled by multiple Judges.

## PARTIES

16.     Plaintiff Stephanie De Angelis is a citizen of the State of Ohio who was employed by Defendants as a dancer in Columbus, Ohio during the statutory period covered by this Complaint.

17.     Defendant C G Consulting, LLC, d/b/a Scores Columbus, an unregistered trade name, is a for profit gentlemen's club conducting business in the State of Ohio with a principle place of business located at 5411 Bethel Sawmill Center, Columbus, Ohio 43235.

18.     Defendant Houston KP, LLC, d/b/a Scores Houston is a for profit gentlemen's club conducting business under the laws of the State of Texas with a principle place of business located at 6340 Westheimer Road, Houston, Texas 77057.

19.     Defendant Zigot, LLC, d/b/a Scores Northwest Indiana, an unregistered trade name, is a for profit gentlemen's club conducting business in the State of Indiana with a principle place of business located at 9148 Melton Road, Gary, Indiana 46403.

7

20.     Defendant Marshall International, LLC, doing business as Gold Club Chicago is a for profit corporation registered to do business in Illinois. Defendant's principal place of business is 3901 W. Lake Street, 2nd Floor, Stone Park, Illinois 60165.

21.     Defendant Polekatz Gentlemen's Club, LLC, doing business as Polekatz Chicago is a for profit corporation registered to do business in Illinois. Defendant's principal place of business is 7337 W. 100th Place, Bridgeview, Illinois 60455.

22.     Defendant Anthony Quaranta is an individual and owner of the clubs being sued in his individual capacity. On information and belief, Mr. Quaranta acted as an employer, under the FLSA and OMFWSA, of putative Plaintiff and Class Members.

23.     Defendants are a single enterprise integrated employer and/or joint employers jointly employing Dancers at Scores Columbus, Scores Houston, Scores Northwest Indiana, Gold Club Chicago, and Polekatz Chicago at all times within the statutory period.

24.     On information and belief, at all times relevant to this lawsuit, Defendants engage in interstate commerce and have gross operating revenues or business volume in excess of $500,000.

25.     The putative Collective Action Members are all current and former Dancers who worked for Defendants at any location at any time within the three years prior to the filing of this Complaint through the date of final disposition of this action who did not receive minimum wages or overtime premium pay for hours worked over forty in a given workweek from Defendants.

26.     The putative Ohio Class Action Members are all current and former Dancers who work or worked for Defendants in Ohio at any time within the six years prior to the date of filing of this Complaint through the date of the final disposition of this action.

8

27.     Plaintiff's consent to participate in this lawsuit is attached as Exhibit A to this complaint.

## **FACTUAL ALLEGATIONS**

28.     Defendants employed Plaintiff as a Dancer.

29.     Like most (if not all) gentlemen's clubs throughout the country, Defendants wrongly classify all of their Dancer employees as independent contractors.

30.     Defendants employed Plaintiff from about April 2016 to February 2017.

31.     During all relevant times, Defendants were Plaintiff's employer within the meaning of the FLSA, the OMFWSA, and the Ohio Semi-Monthly Payments Act.

32.     Defendants maintained substantial control over Plaintiff and Dancers.

33.     Plaintiff was compensated exclusively through "tips" from Defendants' customers.

34.     Defendants produced a written schedule that scheduled Dancers on specific days throughout the workweek. Defendants maintained an expectation that Dancers had to work four days a week.

35.     Plaintiff and Dancers were expected to, and typically worked at least a full forty hour workweek, sometimes more.

36.     Plaintiff and Dancers were penalized for being late or missing work and were required to pay a fine.

37.     Defendants required Plaintiff and Dancers to sign in with a House Mom (or other employee if neither was available) before getting dressed for the night, and pay a dance fee each shift.

38.     Defendants maintained specific rules that all Dancers had to follow. These rules included a dress code and Dancer etiquette.

39.     Defendants set the price that Dancers could charge for drinks, table dances, private dances, and all other services. Dancers could not set their own prices for any services.

40.     Defendants had absolute control over admitting patrons and set the door price for admission. Dancers had no say in this matter.

41.     Defendants handled all advertising and promotional activity, and determined what services Dancers would offer. Dancers had no say in this matter.

42.     At the end of every night, Defendants took a cut from all tips made by Dancers for work performed for patrons. This included fees and money earned from dances and drinks.

43.     In addition to paying cash to Defendants at the end of the night, Dancers were required to tip out other employees, which could include bartenders, other server personnel, and bouncers.

44.     Defendants maintained some type of recording of the Dancers' schedules, the services provided / sold by Dancers, and of the money earned by each Dancer.

45.     Defendants were responsible for providing the locker rooms, dance stages (including poles), DJ, and music used by dancers.

46.     Defendants did not require that Dancers have any special skills in order to obtain employment.

47.     Plaintiff and Dancers are integral to the financial success of Defendants' businesses.

10

48.     The practices and policies set by Defendants resulted in Plaintiff being paid less than the required minimum wage, and overtime at a rate of time and one-half the regular rate of pay for all hours worked over forty in a given workweek.

## FLSA ALLEGATIONS

49.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

50.     The FLSA is to be construed expansively in favor of coverage, recognizing that broad coverage is essential to accomplish the goals of this remedial legislation, including the avoidance of unfair competition.

51.     To determine employment status and effectuate the FLSA's broad remedial purpose, courts apply some form of the economic realities test to determine whether as a matter of economic reality, the individuals are dependent upon the business to which they render service.

52.     The FLSA applied to Plaintiff and the putative Collective Action Members at all times that they worked as Dancers at Defendants' clubs.

53.     No exemptions to the application of the FLSA apply to Plaintiff or the putative Collective Action Members. For instance, neither Plaintiff nor any putative Collective Action Member has ever been a professional artist exempt from the provisions of the FLSA. The dancing required by Defendants does not require invention, imagination, or talent in a recognized field of artistic endeavor. Plaintiff and the putative Collective Action Members have never been compensated by Defendants on a set salary, wage, or fee basis. Rather, Plaintiff and the putative Collective Action Members' sole source of income while working for Defendants was tips given to them by the club's patrons (i.e., stage dancing or single dancing tips).

11

54.     At all relevant times, Plaintiff and the putative Collective Action Members were employees of Defendants pursuant to the FLSA.

55.     During the relevant time period, neither Plaintiff nor any putative Collective Action Member received money from Defendants in the form of wages, nor did they receive any other category of compensation (e.g., bonuses, shift differentials, per diem payments) from Defendants.

56.     The money that Plaintiff and the putative Collective Action Members would receive from customers at Defendants' locations is a tip, not a service charge as those terms are defined in relevant FLSA regulations. *See* 29 C.F.R. §§ 531.52, 531.53, & 531.55.

57.     Those tips received by Plaintiff and the putative Collective Action Members does not become part of the Defendants' gross receipts to be later distributed to the Dancers at a given location as wages. Instead, Dancers merely pay the club a portion of their tips.

58.     Plaintiff and the putative Collective Action Members are tipped employees under the FLSA, as they are engaged in an occupation in which they customarily and regularly receive more than $30 per month in tips. *See* 29 U.S.C. § 203(t).

59.     Defendants, however, are not entitled to take a tip credit for the amounts Plaintiff and the putative Collective Action Members received as tips. 29 U.S.C. § 203(m) requires an employer to inform its employee that it intends to rely on the tip credit to satisfy its minimum wage obligations. Here, Defendants affirmatively informed Plaintiff and the Collective Action Members that they would not be paid wages at all, much less paid a tip credit adjusted minimum wage.

60.     Defendants' scheme to label Plaintiff and the putative Collective Action Members as independent contractors was designed to deny them their fundamental rights as employees to

12

receive minimum wages, overtime; to demand and retain portions of tips given to putative Collective Action Members by Defendants' customers; and to enhance Defendants' profits.

61.     Defendants' illegal scheme, labeling Plaintiff and the putative Collective Action Members as independent contractors rather than employees, was willful.

62.     Finally, federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a) & (b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5. Defendants have failed to accurately keep the aforementioned records.

## COLLECTIVE ACTION ALLEGATIONS

63.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

64.     Plaintiff brings this collective action on behalf of herself and all other similarly situated Dancers.

65.     Plaintiff has actual knowledge that putative Collective Action Members have been denied wages for all hours worked in each workweek. Plaintiff worked with other Dancers at Defendants' location. As such, she has personal knowledge of the pay violations. Furthermore,

13

other Dancer employees have shared with her that they experienced similar pay violations as those described in this Complaint

66.    Defendants misclassified Plaintiff and similarly-situated Collective Action Members as independent contractors to avoid the obligation to pay them pursuant to the FLSA.

67.    Plaintiff is not exempt from the overtime and minimum wage requirements under the FLSA.

68.    Plaintiff and the Collective Action Members were subject to the same uniform illegal pay practices and policies. Defendants maintained a single common and unified illegal pay policy that applied to all Dancers equally and failed to pay them the wages they were entitled to under the law. Defendants erroneously classified all Dancers as non-employee tenants or independent contractors.

69.    Defendants' illegal pay practices and policies are identified above and generally include failing to pay minimum wage for each hour worked, subjecting workers to an illegal tip pool policy, and charging money to employees for performing their essential job functions.

70.    The putative Collective Action Members are similarly situated to Plaintiff in all relevant respects, having performed the same work duties as Plaintiff and being similarly situated with regard to Defendants' policies and pay practices.

71.    The putative Collective Action Members regularly work or worked in excess of forty hours during a workweek.

72.    The specific job titles or precise job responsibilities of each putative Collective Action Member does not prevent collective treatment.

73.    The Collective Action Members are owed wages for the same reasons as Plaintiff.

14

74.     Application of Defendants' illegal pay practices does/did not depend on the personal circumstances of Plaintiff or putative Collective Action Members. Rather, the same policy or practice, which resulted in the non-payment of minimum and overtime wages, applies to all putative Collective Action Members. Accordingly, Plaintiff seeks to represent the following class:

> **All of Defendants' current and former Dancers, who are or were employed with Defendants during the three years before this Complaint was filed up to the present.**

75.     Defendants knowingly, willfully, and with reckless disregard for the rights of putative Collective Action Members carried out an illegal pattern or practice of failing to pay minimum wages and overtime compensation.

76.      Defendants did not act in good faith or reliance upon the following in formulating its pay practices: (a) case law, (b) the FLSA, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

77.     Defendants acted willfully in failing to pay Plaintiff and putative Collective Action Members in accordance with the law.

## OHIO LAW ALLEGATIONS

78.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

79.     The OMFWSA, O.R.C. §§ 4111.01, *et seq.*, expressly incorporates the standards set forth under the FLSA.

80.     Ohio law requires employers to pay employees minimum and overtime wages at a rate of one and one-half times the employee's regular rate of pay for all hours worked in excess of forty hours in one workweek. O.R.C. §§ 4111.01, *et seq.*

15

81.     Ohio law requires employers to maintain accurate pay records. O.R.C. § 4111.08.

82.     Ohio law requires employers to, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month. O.R.C. § 4113.15.

83.     Ohio common law prohibits the windfall of unjust enrichment.

## CLASS ACTION ALLEGATIONS

84.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

85.     Plaintiff brings her claims for relief under Ohio law on behalf of herself and a Class of persons under Rules 23(a), (b)(2), and (3) of the Federal Rules of Civil Procedure defined as follows:

> **All of Defendants' current and former Dancers who are or were employed with Defendants that worked in Ohio during the three years before this Complaint was filed up to the present.**

86.      **Numerosity (FED. R. CIV. P. 23(a)(1)).** The putative Ohio Class Action Members are so numerous that joinder of all members is impracticable. The precise number of such persons is unknown, and the facts on which that number can be ascertained are presently within the sole control of Defendants. Upon information and belief, there are over forty putative Ohio Class Action Members.

87.     **Commonality (FED. R. CIV. P. 23(a)(2)).** Common questions of law and fact exist as to putative Ohio Class Action Members, including, but not limited to, the following:

16

a. Whether Defendants misclassified Dancers as non-employees, independent contractors, or tenants;

b. Whether Defendants failed to pay Ohio Class Members wages including overtime pursuant to O.R.C. §§ 4111.01 *et seq.*;

c. Whether Defendants failed to keep records pursuant to O.R.C. § 4111.08;

d. Whether Defendants failed to timely pay Ohio Class Members in accordance with O.R.C. § 4113.15;

e. Whether Defendants were unjustly enriched by work and services performed by Ohio Class Members; and

f. The proper measure of damages sustained by the putative Ohio Class.

88. **Typicality (FED. R. CIV. P. 23(a)(3)).** Plaintiff's claims are typical of those of the putative Ohio Class Action Members. Plaintiff, like other Class Action Members, was subjected to Defendants' policy and practice of refusing to pay wages owed to its Dancers in accordance with Ohio law.

89. **Adequacy (FED. R. CIV. P. 23(a)(4)).** Plaintiff will fairly and adequately represent and protect the interests of the putative Ohio Class.

90. **Adequacy of counsel (FED. R. CIV. P. 23(g).** Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

91. Class certification of the Ohio claims is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the putative Ohio Class, making appropriate declaratory and injunctive relief with respect to the Plaintiff and the putative Ohio Class Action Members as a whole.

17

92. **Predominance and Superiority (FED. R. CIV. P. 23(b)(3))**. Class certification of the Ohio claims is also appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the putative Ohio Class Action Members predominate over any questions affecting only individual members of the putative Ohio Class Action, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices unlawfully fail to compensate the members of the putative Ohio Class. The damages suffered by individual members of the putative Ohio Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendants' practices.

93. **Notice (FED. R. CIV. P. 23(c)(2)(B)).** Plaintiff intends to send opt-out notice to all members of the putative Ohio Class provided by Rule 23.

94. Plaintiff's claims are typical of the claims of the Ohio Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy-particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

## CAUSES OF ACTION

### First Claim: Fair Labor Standards Act: Failure to Pay Minimum Wages and Overtime (On Behalf of the Collective Action Members)

95. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

18

96.     The foregoing conduct, as alleged, violated the FLSA.

97.     Plaintiff and the putative Collective Action Members are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked, as defined above. *See* 29 U.S.C. § 203(e)(1).

98.     Defendants were, and are, required to pay its employees, Plaintiff and the putative Collective Action Members, at least the minimum wage for all hours worked under forty in a given workweek. 29 U.S.C. § 206.

99.     Defendants were, and are, required to pay its employees, Plaintiff and the putative Collective Action Members, overtime premiums in an amount of one and one-half times their regular rate of pay for all hours worked over forty hours in a given workweek. 29 U.S.C. § 207.

100.    Defendants failed to pay Plaintiff and the putative Collective Action Members their federally mandated overtime wages for all hours worked over forty in a given workweek.

101.    Defendants also unlawfully retained certain tips. Those tips were the sole property of Plaintiff and the putative Collective Action Members, and were not made part of Defendants' gross receipts. 29 C.F.R. §§ 531.52, 531.53, & 531.55.

102.    No tip credit applies to reduce or offset Defendants' liability under the FLSA, because Defendants did not inform Plaintiff and the putative Collective Action Members that they would be applying a tip credit to satisfy a portion of the statutory minimum wage, nor did Plaintiff and the putative Collective Action Members retain all tips, except those included in a tipping pool among employees who customarily receive tips. 29 U.S.C. § 203(m).

103.    Accordingly, Plaintiff and the putative Collective Action Members are entitled to the full statutory minimum wages set forth in 29 U.S.C. § 206 & 207.

104.    Defendants' conduct was willful and done to avoid paying minimum wages and overtime. 29 U.S.C. § 255(a). Therefore, Plaintiff and the putative Collective Action Members are entitled to a three year statute of limitations.

105.    Plaintiff and the putative Collective Action Members seek all damages to which they are entitled under the FLSA, including their back minimum wages, back overtime wages, liquidated damages, treble damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three year period preceding the filing of this lawsuit through its resolution.

106.    Defendants failed to pay Plaintiff and the putative Collective Action Members the federally-mandated minimum wage for all hours worked under forty in a given workweek. Moreover, Defendants did not pay any overtime. Defendants did not pay Plaintiff or Collective Action Members at all. Accordingly, Defendants violated the FLSA minimum wage and overtime provisions.

## Second claim: Ohio Minimum Fair Wage Act Violations-Failure to Pay Overtime Wages
### O.R.C. § 4111.01, *et seq.*
### (On Behalf of the Ohio Class Action Members)

107.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

108.    Defendants failed to pay wages including overtime to Plaintiff and putative Ohio Class Action Members.

109.    Defendants' failure to pay proper wages to Plaintiff and Ohio Class Action Members for each hour worked including but not limited to those hours worked in excess of forty hours per week was willful within the meaning of the Ohio Minimum Fair Wage Standards Act and in reckless disregard of applicable law.

20

110.     Defendants failed to maintain adequate records for Ohio Class Action Members as required under the OFMWSA.

111.     Plaintiff, on behalf of herself and the putative Ohio Class Action Members, seeks restitution in the amount of the respective unpaid overtime wages earned and due at a rate of not less than one and one half times the regular rate of pay for all hours worked over forty in a given workweek.

112.     As a result of Defendants' illegal actions, Plaintiff as well Ohio Class Action Members suffered lost wages and other losses such as incurring the costs of attorneys' fees associated with this action.

**Third Claim: Ohio Semi-Monthly Payment Act O.R.C. § 4113.15**
**(On Behalf of the Ohio Class Action Members)**

113.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

114.     During all times material to this complaint, Defendants were an entity covered by the Ohio Semi-Monthly Payment Act, and Plaintiff and the Ohio Class Action Members are/were employed by Defendants within the meaning of the Ohio Semi-Monthly Payment Act.

115.     The Ohio Semi-Monthly Payment Act requires Defendants to pay Plaintiff and the Ohio Class Action Members all wages, including unpaid overtime, and the pay that was improperly deducted, on or before the first day of each month, earned by them during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month.  *See* O.R.C. § 4113.15(A).

116.    During all times relevant to this complaint, Plaintiff and the Ohio Class Action Members are/were not paid wages, described as overtime wages at one and one-half times their regular hourly rate and the pay improperly deducted, within thirty days of performing the work. *See* O.R.C. §4113.15(B).

117.    Defendants failed to timely pay Ohio Class Action Members according to O.R.C. § 4113.15—indeed, Defendants did not pay Ohio Class Action Members at all. Plaintiff on behalf of herself and Ohio Class Action Members seeks wages owed and interest due pursuant to O.R.C. § 4113.15.

## Forth Claim: Unjust Enrichment
### (On Behalf Of the Class Action Members)

118.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

119.    Plaintiff and the Class Action Members performed work and services that conferred a benefit upon Defendants; and their work was integral to the financial success of Defendants' business.

120.    Defendants had knowledge that Plaintiff and Class Action Members performed this work and of the benefit they incurred as a result.

121.    Defendants retained the benefit of the work and services of Plaintiff and Class Action Members.

122.    Under the circumstances, retention of this benefit by Defendants would be unjust without payment to Plaintiff and Class Action Members.

123.    Defendants were unjustly enriched and owe Plaintiff and Class Action Members for the retention of the benefit resulting from their work and services including money damages,

which would include minimum wage for all hours worked and overtime for hours over forty in a workweek.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff and similarly situated individuals are entitled to and pray for the following relief:

A. Designation of this action as a collective action on behalf of Collective Action Members, conditional certification, and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action and appointment of Plaintiff and her counsel to represent the Collective Action Members;

B. Certification of this action of a class action pursuant to Fed.R.Civ.P.23(b)(2) and (3) on behalf of the Ohio Class Action Members and appointment of Plaintiff and her counsel to represent the Ohio Class Action Members;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and OMFWSA;

D. An award of damages including unpaid wages due under the FLSA, the OMFWSA and O.R.C. § 4113.15, and the Ohio Semi-Monthly Payment Act O.R.C. § 4113.15;

E. Interest owed in accordance with the Ohio Semi-Monthly Payment Act O.R.C. § 4113.15;

F.  An award of liquidated and treble damages as a result of Defendants' failure to pay minimum wages and overtime pursuant to 29 U.S.C. § 216 and O.R.C. §§ 4111.01, *et seq.*;

G.  An award of prejudgment and post judgment interest;

H.  An award of compensatory damages;

I.  An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

J.  Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ Steven C. Babin, Jr.
Steven C. Babin, Jr.   (0093584)
Lance Chapin          (0069473)
Chapin Legal Group, LLC
580 South High Street, Suite 330
Columbus, Ohio  43215
Telephone:    614.221.9100
Facsimile:    614.221.9272
E-mail:       sbabin@chapinlegal.com
              lchapin@chapinlegal.com

Attorneys for Plaintiff
Stephanie De Angelis, *et al.*

24